**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| JERRY CARLILE, individually and on behalf of all others similarly situated, ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. |
| SOCLEAN, INC., ) ) | **COMPLAINT – CLASS ACTION** |
| ) ) | |
| Defendant. ) | |

## CLASS ACTION COMPLAINT

Plaintiff Jerry Carlile, individually and on behalf of the other members of the below-defined statewide Plaintiff's class, bring this class action against Defendant SoClean, Inc. ("Defendant SoClean"), and in support thereof states and alleges the following:

### I.   PRELIMINARY STATEMENT

1. Plaintiff brings this action on his own behalf and as representative of a class of persons consisting of all Texas residents who purchased a SoClean 3 CPAP sanitizing machine, SoClean 2 Go CPAP Sanitizing machine and/or their predecessor devices ("SoClean device").

2. Plaintiff brings this action individually and as class representative to recover damages for economic relief, including but not limited to the cost of their respective SoClean devices, and other relief against Defendant SoClean, which tested, marketed, distributed, promoted and sold the SoClean device.

### II.   PARTIES

3. Plaintiff is a resident of Texas. Plaintiff is a consumer who purchased a SoClean device in a consumer transaction. Plaintiff did not purchase his SoClean device directly from

Defendant SoClean's website nor did he purchase his SoClean device as defined herein directly from Defendant SoClean by telephonic means. At the time Plaintiff purchased a SoClean device, Plaintiff was unaware that the product was defective and not fit for the ordinary purposes for which the product is used.

4.   Defendant SoClean is, and at all times relevant hereto has been, a Delaware company with its principal place of business in New Hampshire. Defendant SoClean is a company that conducts business throughout the nation, including Texas. Defendant SoClean may be served through its registered agent, Corporation Service Company, 10 Ferry Street, S313, Concord, New Hampshire 03301.

### III.   JURISDICTION AND VENUE

5.   This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, because Plaintiff and Defendant are citizens of different states, and because: (a) the Class consists of at least 100 members; (b) the amount in controversy exceeds $5,000,000 exclusive of interest and costs; and (c) no relevant exceptions apply to this claim. Defendant SoClean regularly conducts business in the State of Texas, including marketing and selling the SoClean device to consumers in that state. In addition, Defendant SoClean committed tortious acts in the State of Texas and Plaintiff's claims arise out of such acts and/or because Defendant SoClean has otherwise made or established contacts in the State of Texas sufficient to permit the exercise of personal jurisdiction.

6.   In addition, this Court has supplemental jurisdiction under 28 U.S.C. §1367 over the Plaintiff's claims because they derive from a common nucleus of operative facts and are part of the same case or controversy as the claims over which the Court has original jurisdiction.

7.   Venue is proper in this District under 28 U.S.C. § 1391 because Defendant SoClean is subject to personal jurisdiction in this judicial district and because a substantial part of the events

giving rise to the claims in this action occurred in this judicial district. Defendant SoClean runs television, online, radio and print advertising campaigns to promote its products, including the SoClean device, which reaches consumers in this judicial district, and it sells the SoClean device to consumers, including Plaintiff, in this judicial district.

## IV.     FACTUAL BACKGROUND

8. Defendant SoClean manufactures and sells medical devices that clean continuous positive airway pressure ("CPAP") machines. The SoClean device is marketed as being compatible with many types of these machines.

9. The SoClean devices are Class I medical devices subject to the Medical Device Amendments to the Food, Drug and Cosmetic Act ("FDCA") and the implementing regulations promulgated by the Food and Drug Administration ("FDA").

10. All medical devices must comply with the FDA's Maximum Acceptable Level of Ozone Rule, 21 C.F.R. §801.415 (2019). This rule took effect in 1974.

11. The FDA has determined that "[o]zone is a toxic gas." 21 C.F.R. §801.415(a).

12. The SoClean device uses ozone gas in an attempt to clean and protect CPAP equipment.

13. FDA regulations make it illegal for a medical device to "generate ozone at a level in excess of 0.05 parts per million by volume of air circulating through the device…" 21 C.F.R. §801.415(c)(1).

14. Ozone (O3) is an unstable blue gas with a pungent characteristic odor.

15. Ozone gas forms when oxygen molecules (O2) interact with electricity and recombine with oxygen atoms (O) to form ozone (O3).

16. When ozone encounters organic material, such as a CPAP device, its third oxygen

atom can detach from the ozone molecule and reattach to molecules of the other substance, thereby altering the chemical composition of the other substance and damaging that substance.

17. The SoClean device is marketed as being able to sanitize CPAP machines by generating ozone and circulating it throughout the user's CPAP equipment.

18. The SoClean device is compatible with a variety of different CPAP models and can be used on CPAPs with or without humidifiers.

19. The SoClean device features an ozone generator, a hose with a connector and a chamber.

20. During the purported cleaning cycle, the SoClean device actively generates ozone for approximately 7 to 14 minutes.

21. When a cleaning cycle starts, the SoClean device begins generating a large quantity of ozone gas that travels through the hose into the CPAP's tank. From the CPAP tank, ozone travels to the face mask and accumulates inside the SoClean's device chamber.

22. During a cleaning cycle, the SoClean device consistently generates prohibited amounts of ozone by volume of air circulating through the device and the CPAP machine. Ozone levels remain within the CPAP mask, hose and tank after cleaning by the SoClean device, causing damage to the component parts of the CPAP machine owned by Plaintiff and other consumers.

23. Packaging for the SoClean device does not disclose that the SoClean device generates ozone or the levels of ozone generated.

24. Marketing materials for the SoClean device do not disclose they generate ozone or the levels of ozone generated.

25. Defendant SoClean represents to consumers that it uses "activated oxygen" to sanitize CPAP machines. In reality, the SoClean device uses ozone to sanitize CPAP machines.

26. Defendant SoClean represents that its devices use no "chemicals" or "harsh chemicals" to clean CPAP machines.

27. Defendant SoClean markets its devices as "safe" for use to clean and protect CPAP machines.

28. Defendant SoClean represents that its devices use the same sanitizing process found in hospitals.

29. Defendant SoClean represents that the filter cartridges in the SoClean device convert "activated oxygen" back into "normal oxygen."

30. Defendant SoClean represents the SoClean device is a "closed system" and that no "activated oxygen" escapes the SoClean device.

31. Ozone generated by the SoClean device alters the composition of the very CPAP machines that it is supposed to clean, causing damage to CPAP machines (including but not limited to foam components) and rendering the SoClean device essentially worthless.

32. The representations by Defendant SoClean about the use and levels of ozone, the lack of chemicals or harsh chemicals in the SoClean device and the properties of the SoClean device are false and misleading and have deceived Plaintiff and other consumers who have relied on such representations when purchasing and using the SoClean device.

33. Defendant SoClean continues to deny the effects of ozone associated with the SoCleaner device while at the same time reaping profits obtained through its non-disclosure and concealment.

34. Defendant SoClean has engaged in massive advertising programs and gained continued increases in market share of its sanitizing products for use on CPAP machines, all of which enhanced its financial stability to the detriment of its consumers.

35. Upon information and belief, Defendant SoClean is the market leader with 90% of the market for products that are used to sanitize the millions of CPP-related products in the United States.

## V. CLASS ACTION ALLEGATIONS

36. Plaintiff brings this action, individually and on behalf of all others similarly situated, pursuant to Rules 23(a), 23(b)(1), 23(b)(2), 23(b)(3), and 23(c)(4), of the Federal Rules of Civil Procedure on behalf of a statewide class of persons who purchased a SoClean device (SoClean 3 CPAP sanitizing machine, SoClean 2 Go CPAP Sanitizing machine and/or their predecessor devices).

37. Excluded from the defined Class are Defendant SoClean and any of its members, affiliates, parents, subsidiaries, officers, directors, employees, successors, or assigns; governmental entities; and the Court staff assigned to this case and their immediate family members. Plaintiff reserves the right to modify or amend the Class definition, as appropriate, during this litigation.

38. Excluded from the defined Class are 1) those consumers who purchased their SoClean device as defined herein directly from Defendant SoClean's website; and 2) those consumers who purchased their SoClean device as defined herein directly from Defendant SoClean by telephonic means. Plaintiff reserves the right to modify or amend the Class definition, as appropriate, during this litigation.

39. This action has been brought and may properly be maintained on behalf of each Class proposed herein under the criteria of Rule 23 of the Federal Rules of Civil Procedure.

**Numerosity**

40. The members of the defined Class are so numerous that individual joinder of all Class members is impracticable. While Plaintiff is informed and believes that there are thousands of members of the Class, the precise number of Class members is unknown to Plaintiff but may be ascertained from Defendant SoClean's books and records. Class members may be notified of the pendency of this action by recognized, Court-approved notice and dissemination methods, which may include U.S. Mail, electronic mail, internet postings, and/or published notice.

### Commonality and Predominance

41. This action involves common questions of law and fact, which predominate over any questions affecting only individual Class members, including, without limitation:

    a. whether Defendant SoClean breached a contract, express or implied, in its sale of SoClean devices for use in cleaning and protecting CPAP machines;

    b. whether, in marketing and selling the SoClean device, Defendant SoClean failed to disclose the risk of damage from the use of a SoClean device to clean and protect CPAP machines;

    c. whether Defendant has been unjustly enriched by its retention of all or a portion of the monies collected from Texas consumers for purchase of a SoClean device;

    d. whether Defendant SoClean's conduct constitutes a breach of express or implied warranty to Plaintiff and the Class under Texas law;

    e. whether Defendant SoClean falsely misrepresented in its advertisements, promotional materials and other materials, among other things, the safety and efficacy of the use of its product to clean and protect CPAP machines;

    f.   whether Defendant SoClean's conduct violated the Texas Deceptive Trade Practices - Consumer Protection Act;

    g.   whether Plaintiff and the Class are entitled to an award of reasonable attorney fees, interest and costs.

### Typicality

42.    Plaintiff's claims are typical of the other Class members' claims because Plaintiff and the other Class members are all similarly affected by the marketing, advertising, distribution and sale of the SoClean device. Plaintiff's claims are based upon the same legal theories as those of the other Class members. Plaintiff and the other Class members sustained damages as a direct and proximate result of the same wrongful practices in which Defendant SoClean engaged.

### Adequacy of Representation

43.    Plaintiff is an adequate Class representative because his interests do not conflict with the interests of the other Class members who he seeks to represent, Plaintiff has retained counsel competent and experienced in complex class action litigation, including successfully litigating cases similar to this one, where companies have violated their contractual and consumer relationships, and Plaintiff intends to prosecute this action vigorously. The interests of the above-defined Class will be fairly and adequately protected by Plaintiff and his counsel.

44.    Plaintiff seeks a refund of monies paid as a result of his purchase of a SoClean device, that occurred following Defendant SoClean's wrongful and improper conduct in connection with the manufacture, marketing, distribution, testing, promotion, labeling and/or selling of a SoCleaner device.

45.    Plaintiff specifically excludes from this class action any damages, losses, or other relief of any kind arising from personal injuries suffered by those class members diagnosed with

any condition or disease caused by the use of ozone in the SoClean device. This class action seeks only the economic relief requested herein to which class members are entitled.

### Inconsistent Adjudications and Impediments to Others

46. Class treatment is proper pursuant to Fed. R. Civ. P. 23(b)(1) because the prosecution of separate actions by individual members of the Class would create an immediate risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant SoClean. Moreover, the adjudications sought by Plaintiff could, as a practical matter, substantially impair or impede the ability of other Class members, who are not parties to this action, to protect their interests.

### Declaratory and Injunctive Relief

47. Class treatment is further proper pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant SoClean acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class members.

### Superiority

48. Class treatment is further proper pursuant to Fed. R. Civ. P. 23(b)(3) because a class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. Defendant SoClean has acted or refused to act on grounds generally applicable to the Class. Individualized litigation creates a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**Issue Class and Modification of Class Definitions and Creation of Subclasses**

49. In the alternative, Plaintiff reserves the right to seek certification of one or more common issues pursuant to Rule 23(c)(4). In addition, Plaintiff reserves the right to modify the definitions of the class by amendment to the Complaint or by motion for class certification that may be appropriate or necessary.

## VI.   LEGAL CLAIMS FOR RELIEF

### COUNT I – Breach of Contract

50. Plaintiff repeats and realleges the prior paragraphs of this Complaint as if fully set forth herein.

51. Defendant SoClean entered into a contract, express or implied, with the Plaintiff and the Class associated with the purchase of a SoClean device. Plaintiff and the Class agreed to purchase a SoClean device to safely clean and protect their respective CPAP machines but instead the SoClean device caused damage to the very CPAP machine it was supposed to clean and protect.

52. Defendant SoClean breached this contract by its course of conduct explained above. Defendant SoClean's breach was willful and not the result of mistake or inadvertence.

53. As a direct result of Defendant SoClean's unlawful conduct, Plaintiff and the Class have suffered damages, including but not limited to the cost and value of their respective SoClean devices which are useless to them because it damages the very CPAP machine it is meant to clean and protect.

54. Plaintiff, on behalf of himself and the Class, seeks damages and other legal and equitable relief from Defendant SoClean's unlawful and willful conduct as the Court deems just and proper.

### COUNT II – Unjust Enrichment

55. Plaintiff repeats and realleges the prior paragraphs of this Complaint as if fully set forth herein.

56. Plaintiff and the members of the class purchased products from Defendant SoClean that were not fit for their intended purpose because they damaged CPAP machines by generating prohibited amounts of ozone by volume of air circulating through the device and the CPAP machine, which remained within the CPAP mask, hose and tank after cleaning by the SoClean device.

57. Defendant SoClean was unjustly enriched at the expense of and to the detriment of Plaintiff and the class.

58. Plaintiff and the class are therefore entitled to restitution from Defendant SoClean and seek an order requiring Defendant SoClean to disgorge all profits, benefits and other compensation Defendant SoClean obtained from the sale of the aforementioned products.

## COUNT III – Breach of Warranty

59. Plaintiff repeats and realleges the prior paragraphs of this Complaint as if fully set forth herein.

60. By the actions described above, Defendant SoClean has breached the express and implied warranty of merchantability and fitness for a particular purpose concerning its SoClean devices.

61. Defendant SoClean, as a seller and merchant has and continues to sell SoClean devices that are not merchantable because, among other reasons, the products are not fit for the ordinary purposes for which the goods are used and/or do not conform to the promises or affirmations of fact made by Defendant SoClean – namely they damage CPAP machines - the very thing the SoClean device is meant to clean and protect.

62.     As a result of Defendant SoClean's breach of the express and implied warranty of merchantability, Plaintiff and the members of the Class have suffered damages including, but not limited to, the purchase price paid for the SoClean device by reason that the value of the product purchased was less than the value they would have had if they had been as warranted.  In fact, the SoClean product Plaintiff and each member of the putative class purchased had no value because its use led to damage of the very thing that it was supposed to clean.

63.     Plaintiff and the members of the Class are entitled to recover damages equal to at least the amounts paid for the products and are entitled to all other remedies against Defendant SoClean allowed by law.

## COUNT IV – Fraudulent Misrepresentation

64.     Plaintiff repeats and realleges the prior paragraphs of this Complaint as if fully set forth herein.

65.     During a cleaning cycle, the SoClean device consistently generates prohibited amounts of ozone by volume of air circulating through the device and the CPAP machine.  Ozone levels remain within the CPAP mask, hose and tank after cleaning by the SoClean device, causing damage to the component parts of the CPAP machine owned by Plaintiff and other consumers.

66.     Packaging for the SoClean device does not disclose that the SoClean device generates ozone or the levels of ozone generated.

67.     Marketing materials for the SoClean device do not disclose they generate ozone or the levels of ozone generated.

68.     Defendant SoClean represents to consumers that it uses "activated oxygen" to sanitize CPAP machines.  In reality, the SoClean device uses ozone to sanitize CPAP machines.

69.     Defendant SoClean represents that its devices use no "chemicals" or "harsh

chemicals" to clean CPAP machines.

70. Defendant SoClean markets its devices as "safe" for use in cleaning CPAP machines.

71. Defendant SoClean represents that its devices use the same sanitizing process found in hospitals.

72. Defendant SoClean represents that the filter cartridges in the SoClean device convert "activated oxygen" back into "normal oxygen."

73. Ozone generated by the SoClean device alters the composition of the CPAP device that it is supposed to clean and protect, rendering the SoClean device and CPAP device essentially worthless to Plaintiff and the Class.

74. The representations by Defendant SoClean about the use and levels of ozone, the lack of chemicals or harsh chemicals in the SoClean device and the properties of the SoClean device are false and misleading and have deceived Plaintiff and other consumers who have relied on such representations when purchasing and using the SoClean device.

75. Defendant SoClean failed to advise Plaintiff and the members of the Class that their SoClean device caused damage to the very CPAP machine it was meant to clean and protect.

76. Defendant SoClean intentionally, knowingly, and recklessly made these misrepresentations and omissions to induce Plaintiff and the members of the Class to purchase a SoClean device.

77. Defendant SoClean knew that its representations and omissions about the SoClean device were false in that its products generated and used ozone and thus caused damage to the very CPAP machine the SoClean device was meant to clean and protect.

78. Plaintiff and the members of the Class did in fact rely on these omissions and misrepresentations and purchased a SoClean device to their detriment. Given the deceptive manner in which Defendant SoClean advertised, represented, and otherwise promoted its products, Plaintiff and the members of Class were justified in their reliance.

79. As a direct and proximate result of the conduct of Defendant SoClean, Plaintiff and the member of the Class have suffered actual damages in that they purchased a SoClean device that was (a) worth less than the price they paid, (b) which they would not have purchased at all if they had known of the risk of damage to their CPAP machines from the use of the SoClean device, (c) which causes damage to the very CPAP device it is meant to clean, and (d) which did not conform to the products' labels, packaging, advertising and statements.

**COUNT V – Violation of Deceptive Trade Practices - Consumer Protection Act**

80. Plaintiff repeats and realleges the prior paragraphs of this Complaint as if fully set forth herein.

81. The Texas Deceptive Trade Practices – Consumer Protection Act, Tex. Bus. & Com. Code Ann. §§17.41 *et seq.* prohibits the use of any unfair or deceptive act or practice in connection with a consumer transaction by a supplier and provides that an aggrieved consumer may seek private remedies for, among other things, damages and may be done so by class action.

82. Defendant SoClean has engaged in acts and practices which are deceptive as that term is used in Tex. Bus. & Com. Code Ann. §§17.45, 17.46 and 17.50 in that, among other things, Defendant SoClean willfully failed to disclose, omitted and failed to state or warn Plaintiff and the members of the putative class of a material fact in connection with a consumer transaction – namely, that the SoClean device generated prohibited amounts of ozone that caused damage to the component parts of the CPAP machine owned by Plaintiff and other consumers.

83. Defendant SoClean also misrepresented that its products were safe and effective, by advertising and making declarations that its products use "activated oxygen", use no "chemicals" or "harsh chemicals" to clean CPAP machines, use the same sanitizing process found in hospitals, that its products convert "activated oxygen" into "normal oxygen", and that its products are "safe" for use to clean and protect CPAP machines.

84. Tex. Bus. & Com. Code Ann. §§17.45, 17.46 and 17.50 provide, in part, that no supplier shall engage in any unconscionable act or practice in connection with a consumer transaction.

85. This statute provides an unconscionable act or practice violates Tex. Bus. & Com. Code Ann. §§17.45, 17.46 and 17.50 if it occurs before, during or after the transaction.

86. Defendant SoClean has engaged in acts which are unfair or deceptive as that term is used in Tex. Bus. & Com. Code Ann. §§17.45, 17.46 and 17.50 in that, among other things, Defendant SoClean willfully failed to disclose, omitted and failed to state or warn Plaintiff and the members of the putative class of a material fact in connection with a consumer transaction – namely, that the SoClean device generated prohibited amounts of ozone by volume of air circulating through the device and the CPAP machine and remained within the CPAP mask, hose and tank after cleaning by the SoClean device, which would thereby damage the component parts of the CPAP machine owned by Plaintiff and other consumers.

87. Defendant SoClean has engaged in acts which are unconscionable as that term is used in Tex. Bus. & Com. Code Ann. §§17.45, 17.46 and 17.50 in that, among other things, Defendant SoClean misrepresented that its products were safe and effective, by advertising and making declarations that its products use "activated oxygen", use no "chemicals" or "harsh chemicals" to clean CPAP machines, use the same sanitizing process found in hospitals, that its

products convert "activated oxygen" into "normal oxygen", and that its products are "safe" for use to clean and protect CPAP machines.

88. As a result of Defendant SoClean's unfair trade practices, Plaintiff and the members of the class have suffered damages, and are entitled to recover those damages and all costs of this action, including attorneys' fees and costs from Defendant SoClean under the provisions of the Texas Deceptive Trade Practices – Consumer Protection Act, Tex. Bus. & Com. Code Ann. §§17.41 *et seq.*

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all matters so triable.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the other Class members, respectfully requests that the Court enter judgment in its favor and against Defendant SoClean as follows:

a. Entering an order certifying the proposed Class, as requested herein, designating Plaintiff as Class representative, and appointing Plaintiff's undersigned attorneys as Counsel for the Class;

b. Entering judgment in favor of Plaintiff and the members of the Class; and awarding damages in an amount to be determined at trial, including punitive and/or exemplary damages;

c. Entering an order returning the purchase cost Plaintiff and each class member paid for their respective SoClean device;

d. Ordering Defendant SoClean to pay pre- and post-judgment interest on any amounts awarded;

e. Ordering Defendant SoClean to pay attorneys' fees and costs of suit; and

f. Ordering such other and further relief as may be just and proper.

          **Respectfully submitted,**

          **LUBEL VOYLES LLP**

By:  */s/ Adam Q. Voyles*
      Adam Q. Voyles
      Texas State Bar No.: 24003121
      McKenna Harper
      Texas State Bar No.: 24041056
      675 Bering Dr., Suite 850
      Houston, Texas 77057
      Telephone No.: (713) 284-5200
      Facsimile No.: (713) 284-5250
      Email:  adam@lubelvoyles.com
               mckenna@lubelvoyles.com

*Pro Hac Pending*

**BARTIMUS FRICKLETON ROBERTSON RADER, P.C.**

**MICHAEL C. RADER**               MO #49117
**EDWARD "KIP" ROBERSTON**    MO #61608
**EDWARD "CHIP" ROBERSTON** MO #27183
**JAMES P. FRICKLETON**            MO #31178
**4000 W. 114TH ST., SUITE 310**
**Leawood, KS 66211-2298**
**(913) 266-2300**
**(913) 266-2366 FAX**
mrader@bflawfirm.com
krobertson@bflawfirm.com
crobertson@bflawfirm.com
jimf@bflawfirm.com

**VOTAVA, NANTZ & JOHNSON, LLC**

**BRETT VOTAVA**           **MO #51228**
**ANDREW NANTZ**         **MO #48928**
**TODD JOHNSON**          **MO #48824**
**9237 Ward Parkway, Suite 100**
**Kansas City, MO 64114**
**(816) 895-8800**
**(816) 895-8801 (fax)**
**bvotava@vnjlaw.com**
**andrew@vnjlaw.com**
**tjohnson@vnjlaw.com**

**ATTORNEYS FOR PLAINTIFF**